# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JORGE ARELLANO | § | |
| | § | |
| V. | § | A-17-CA–983 LY |
| | § | (A-16-CR-260(3) LY) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Jorge Arli Arellano's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 401), and the Government's Response (Dkt. No. 405). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

On April 27, 2017, Jorge Arli Arellano pled guilty, pursuant to a Plea Agreement, to the charge of conspiracy to possess with intent to distribute fifty grams or more of a mixture and a substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846. On June 28, 2017, the District Court sentenced Arellano to a 88 month term of imprisonment, followed by a four-year term of supervised release, and a $100 mandatory assessment fee. Arellano did not file a direct appeal of his conviction and sentence.

On October 16, 2017, Arellano filed a motion to reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines, which was denied on October 18, 2017. Arellano has now filed this motion under 28 U.S.C. § 2255 arguing that: (1) he received a manifestly

excessive sentence as a result of a flawed Sentencing Guidelines with regard to methamphetamine; (2) the District Court failed to consider that he had a serious alcohol problem and is a Mexican citizen when he sentenced Arellano; and (3) he was denied the effective assistance of counsel.

## II.  STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under Section 2255 is extremely limited:  "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice."  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  Finally, a defendant may waive his statutory right to appeal his sentence including filing a § 2255 motion, if the waiver is knowing and voluntary.  *Untied States v. McKinney*, 406 F.3d 744, 746 (2005).

## III.  DISCUSSION

**A.     Waived Claims**

Arellano argues he received a manifestly excessive sentence "[a]s a result of a flawed Sentencing Guideline on Methamphetamine," and complains that when the Court sentenced him, it

2

failed to consider that he had a serious alcohol problem and is a Mexican citizen. As part of his Plea Agreement, Arellano waived his right to raise these types of claims in a § 2255 Motion.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651 (5th Cir.1994); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992). In order to be valid, a defendant's waiver of his right to appeal must be informed and voluntary. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Specifically, a defendant must know that he had a "right to appeal his sentence and that he was giving up that right." *Id*. at 568. The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994).

Arellano's Plea Agreement informed him of the right to appeal his sentence and that by entering into the plea agreement, he would forfeit that right. Arellano's Plea Agreement provides, in relevant part, the following:

> Collateral Attack: Defendant agrees to waive and give up his right to challenge Defendant's conviction or sentence in a post-conviction collateral challenge, including but not limited to a proceeding pursuant to 28 U.S.C. §§ 2241 and 2255; except, Defendant does not waive the right to challenge Defendant's sentence based on ineffective assistance of counsel or prosecutorial misconduct. If the Defendant makes a claim of ineffective assistance of counsel, Defendant will waive any claim of attorney/client privilege arising from counsel's representation.

Dkt. No. 245 at p. 6.

Nowhere in the record is there any indication that Arellano did not understand or was confused by the waiver-of-appeal provision. In fact, at Arellano's guilty plea proceeding, he confirmed that he had read the agreement and that he fully understood the entire plea agreement and

3

the rights that he was giving up. *See* Dkt. No. 408 at 11-13. The magistrate judge also specifically advised Arrellano that by entering his plea he was waiving his right to file either a direct appeal of his conviction or sentence. *Id.* at 12-13. Arrellano informed the Court that he fully understood this provision of his Plea Agreement and that he agreed to waive those rights. *Id.* "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Based upon the foregoing, the waiver-of-appeal provision contained in Arrellano's Plea Agreement is fully enforceable. Accordingly, Arrellano has waived his right to file the above-claims in the instant § 2255 Motion.

**B.     Ineffective Assistance of Counsel Claim**

The waiver provision of the plea agreement reserved Arrellano's right to raise a claim of ineffective assistance of counsel. In order to prevail on such a claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."

*Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

Arellano argues that he was denied the effective assistance of counsel because his attorney did not "honestly and intelligently" advise him on his case in order for him to make "an intelligent and informed decision." Dkt. No. 401 at p. 7. Specifically, Arellano contends that if he would have known that he was facing deportation and the possible loss of his ability to obtain a U visa, he would have negotiated a lighter sentence.

Contrary to his claims, the record clearly shows that both the Court and Arellano's attorney informed Arellano about the U visa application, the impact of his plea on that application, and the likelihood that he would be deported after serving his sentence. At his Rearraignment, the magistrate judge informed Arellano that he would most likely be deported after serving his sentence. Specifically, the Court informed Arellano of the following:

> [Y]ou need to go into this process knowing and believing that you will be deported or removed from the United States when you complete your sentence.
>
> So, obviously, then, your guilty plea today, your conviction, and your sentence in this case is going to have adverse consequences as it relates to any desire you have to remain in the United States. But, importantly, those adverse consequences may extend to any desire you have to return to the United States in the future once deported or removed.
>
> Again, this means that any paperwork that you haven't processed now or you hope to file in the future related to your immigration status, whether that's naturalization,

5

amnesty, work visas, anything of that nature, all of this will be negatively compromised by your guilty plea today.

Dkt. No. 408 at 31. Arellano informed the judge that he fully understood these issues and that he had talked to his attorney "carefully" about these deportation issues before agreeing to plead guilty. *Id.* at 32.

Arellano was again reminded of the immigration consequences of his plea at his Sentencing Hearing. At the sentencing, Arellano's attorney argued that the Court should apply a non-guideline sentence and explained that, related to a crime in which their daughter was a victim,

> Mr. Arellano and his wife, Laura Velasquez, applied for and Ms. Velasquez has received a U visa, a victim visa. And Mr. Arellano, prior to his arrest in this case was—had his application pending and, in fact, had had work authorization to be able to work here legally in this country.
>
> I've been in communication with his immigration lawyer. And, while that visa application is still pending for Mr. Arellano, she has indicated and I've indicated to Mr. Arellano they're clearly going to cancel that and he will be placed in deportation proceedings immediately after he serves the sentence in this case.

Dkt. No. 404 at 7-8. In addition, Arellano himself pleaded with the Court for a reduced sentence and acknowledged that because "once I complete my sentence, I'm going to deported—be deported, I would like to ask to get the minimum sentence possible, as little time as possible, so I can get deported and I can be with my family in Mexico." *Id.* at 10-11. Accordingly, Arellano's allegations that his attorney failed to advise him of the visa and deportation issues are false. Because Arellano has failed to show that his counsel's performance was deficient and that the deficiency prejudiced his defense his claim of ineffective assistance of counsel is without merit.

## IV. RECOMMENDATION

The Court **RECOMMENDS** that the district judge **DENY** Jorge Arli Arellano's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 405).

# V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended to February 1, 2010, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A Movant is entitled to a COA only if he made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In explaining this rule as it relates to procedural rulings, the Supreme Court stated, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On the other hand, in cases where a district court rejected a movant's constitutional claims on the merits, the Supreme Court concluded that "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Similarly, a movant satisfies the COA requirements by demonstrating "that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Notably, this standard does not require the movant to show that an appeal will succeed. *Id.* at 337.

In this case, reasonable jurists could not debate the denial of Arrellano's motion on procedural or substantive grounds. The undersigned thus recommends that a COA not be issued.

## VI.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of May, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE